888 So.2d 112 (2004)
Daniel D. SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-1511.
District Court of Appeal of Florida, Third District.
November 24, 2004.
*113 Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Thomas C. Mielke and Fredericka Sands, Assistant Attorneys General, for appellee.
Before GODERICH, GREEN, and FLETCHER, JJ.
PER CURIAM.
The defendant, Daniel Smith, appeals from his convictions for two counts of grand theft. We reverse.
The defendant was charged with four counts of grand theft. The charges arose from several sales transactions that the defendant conducted while he was employed as the general manager of Travis Boat Company [employer].
At trial, during opening statement, the State explained its theory of the case to the jury as follows:
You'll see Dan Smith was engaging in a practice where he would take a vessel or an engine in Travis's inventory, he would sell it to a third party, but he would show the paperwork going through another dealership, and in doing so he would make money to the detriment of his employer Travis Boat World. You're going to see that is a crime for a couple of different reasons. One is that the company manual says that you're not to engage in any sort of business....

(emphasis added). After a defense objection was overruled, the State continued stating that the employer's employee manual contained a conflict of interest clause prohibiting its employees from engaging in any business that was in conflict with the employer's interest and another policy allowing each employee to purchase one vessel per year at cost and requiring the employee to keep it in his/her possession for at least one year before reselling it.
During trial, the State called the current general manager of the employer as a witness. Over defense objection, the State introduced the employer's employee manual and the policies contained therein through her testimony. Further, the State, over defense objection, elicited her opinion that the defendant's behavior violated the employer's conflict of interest policy.
At the conclusion of the trial, the jury returned a verdict finding the defendant guilty of two of the four counts of grand theft. The defendant appeals these convictions contending that the trial court erred by allowing the State to introduce the employer's employee manual into evidence for the purpose of establishing that he was guilty of grand theft because he had violated the employer's conflict of interest policy contained therein. We agree.
In Pitts v. State, 473 So.2d 1370, 1374 (Fla. 1st DCA 1985), a deputy sheriff was charged with vehicular homicide. The First District found that it was error for the State to introduce the police policy manual for the purpose of showing that the deputy's failure to follow the procedure in the manual was evidence of his recklessness. *114 The court reasoned that, although policy manuals are admissible in civil cases as evidence of customary care because the jury needs some standard by which to judge the alleged negligence, this rule is not applicable in criminal cases because there is no such need. Pitts, 473 So.2d at 1374; see also Lozano v. State, 584 So.2d 19, 24 (Fla. 3d DCA 1991). In criminal cases, the standard is provided by the statute that the defendant has allegedly violated. Pitts, 473 So.2d at 1374.
In the instant case, the defendant correctly argues that the trial court erred by allowing the State to introduce the employer's employee manual for the purpose of arguing to the jury that the defendant is guilty of grand theft for "a couple of different reasons," including that that the defendant violated the employer's conflict of interest policy. A criminal defendant can only be found guilty of a criminal offense if he violated the state statute for that particular offense. The fact that he may have violated a standard promulgated by an employer is irrelevant in a criminal proceeding. The defendant correctly argues that he must be judged by the state statute for grand theft, not some standard promulgated by his employer. Pitts, 473 So.2d at 1374.
Lastly, a review of the record shows that the State cannot establish that the admission of the employee manual was harmless beyond a reasonable doubt.
Accordingly, we reverse and remand for a new trial.